UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **WHITNEY TRZUPEK**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SPRINT SOLUTIONS, INC.,** a Delaware corporation,<br><br>*Defendant*. | **CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CASE NO:**<br><br>**JUDGE:** |

**CLASS ACTION COMPLAINT**

Plaintiff, Whitney Trzupek, brings this Class Action against Defendant, Sprint Solutions, Inc., to stop its practice of sending unsolicited text messages to cellular telephones without consent, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.  Defendant is an American telecommunications company that provides wireless and internet services to consumers and businesses.

2.  To promote its products and services, Defendant conducted (and continues to conduct) a wide-scale solicitation campaign that features the sending of unsolicited text messages to consumers' cellular telephones – and even to those on the National Do Not Call

1

Registry – without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.      Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

4.      As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

5.      Yet, in violation of this rule, Defendant fails to obtain express written consent before sending text messages to consumers' cellular telephone numbers.

6.      Furthermore, telemarketers such as Defendant can easily avoid calling numbers listed on the National Do Not Call Registry by inexpensively "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

7.      To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

8. Defendant, however, makes no effort to scrub its call lists or avoid calling telephone numbers on the National Do Not Call Registry.

## COMMON ALLEGATIONS

9. Defendant sends text messages to consumers' cellular telephones to solicit business and advertise its latest promotions.

10. Specifically, Defendant sends solicitation text messages from telephone number 424-307-1502.

11. In sending these solicitation text messages, Defendant took no steps to acquire the oral or written prior express consent of the Plaintiff or the Class Members.

12. Defendant sent, or directed to be sent on its behalf, the same (or substantially the same) solicitation text messages *en masse* to thousands of cellular telephone numbers throughout the United States.

13. In sending the unsolicited text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant or its agent has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

14. Defendant was and is aware that its unsolicited text messages were and are being made without the prior express written consent of the text message recipients.

15. Defendant knows, or is reckless in not knowing, that its text messages to these cellular subscribers are unauthorized. Ultimately, consumers are forced to bear the costs of receiving these unsolicited and unauthorized text messages.

16. By sending the unsolicited text messages at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

17. Upon information and belief, and via investigation by Plaintiff's attorneys, each of the text messages sent to Plaintiff and the Class are affiliated with Defendant.

18. In response to Defendant's unlawful conduct, Plaintiff files this action seeking an injunction requiring Defendant to cease all unsolicited solicitation text messaging activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

19. Plaintiff Whitney Trzupek is a natural person and resident of Denver, Colorado.

20. Defendant Sprint is a company organized and existing under the laws of the State of Delaware with its principal place of business and headquarters located at 12524 Sunrise

Valley Drive, Reston, Virginia 20191.[1] Defendant Sprint conducts business throughout this District, the State of Colorado, and the United States.

## JURISDICTION AND VENUE

21.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

22.     This Court has personal jurisdiction over Defendant because Defendant does significant business in the State of Colorado, in this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

23.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conduct a significant amount of business in this District and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## FACTS SPECIFIC TO PLAINTIFF WHITNEY TRZUPEK

24.     On November 6, 2014, Trzupek's cellular telephone number was registered on the National Do Not Call Registry to avoid receiving telemarketing calls and/or text messages such as the text messages complained of herein.

25.     In October of 2017, and more than 30 days after Trzupek's cellular telephone number was registered on the National Do Not Call Registry, Trzupek received a series of unwanted telemarketing text messages from telephone number 424-307-1502.

26.     The telephone number 424-307-1502 is owned, operated, and/or controlled by or on behalf of Defendant.[2]

---

[1] http://www.hoovers.com/company-information/cs/company profile.sprint_solutions_inc.65ee5bd53ae2cc8d.html.

27. On October 3, 2017 at 9:47 a.m. Trzupek received an unsolicited telemarketing text message from Sprint on her cellular telephone from telephone number 424-307-1502.

28. The 9:47 a.m. text message read, "HomeDoc: Whitney, reach out now to talk with an agent & see if you are eligible for a free smartphone after switching to Sprint. Reply NO to stop."

29. Approximately four (4) hours later, at 2:54 p.m., Trzupek received another unwanted solicitation text messages from the telephone number 424-307-1502 that read, "See how low your phone bill could be with Sprint! Call today and learn how much money you could be saving!"

30. Images of the text messages are show below:



31. Trzupek does not have a relationship with Sprint, has never provided her telephone number directly to Sprint, or requested that Sprint send text messages to her or alert

---

[2] Calling the 424-307-1502 number directs the caller to a prerecorded message that identifies the recipient of the call as Sprint.

her of its services and/or promotions. Simply put, Trzupek has never provided her prior express written consent to Sprint to send text messages to her and has no business relationship with Sprint. In fact, Trzupek was not looking for a new wireless service provider, has never inquired to Sprint about changing, and has never had an account with Sprint.

32. By sending unauthorized text messages as alleged herein, Sprint has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the text messages disturbed Trzupek's use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Sprint's phone. In the present case, a consumer could be subjected to many unsolicited text messages, as Sprint fails to obtain a consumers' prior express written consent before sending them solicitation text messages and blatantly disregards the National Do Not Call Registry.

33. In order to redress these injuries, Trzupek, on behalf of herself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

34. On behalf of the proposed Classes, Trzupek seeks an injunction requiring Sprint to cease all unwanted solicitation text messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**CLASS ALLEGATIONS**

35. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Text Message No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint to the

present: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) to the person's cellular telephone number, (3) for the purpose of promoting an business and service, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.

**Do Not Call Registry Class**: All persons in the United States from the four years prior the filing on the instant Complaint to the present who (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

37. On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

38. There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes that may be answered in a single stroke include, but are not necessarily limited to the following:

8

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes;

    (c) whether members of the Classes are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;

    (d) whether Defendant systematically made multiple telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry and whether calls were made to such persons after they requested to no longer be called;

    (e) whether Defendant obtained prior express written consent to contact any Class members; and

    (f) to the extent Defendant's conduct does not constitute telemarketing, whether Defendant obtained prior express oral consent to contact any Class members.

39. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes, including the annoyance and aggravation associated with such messages as well as the loss of data and temporary inability to enjoy and use their cellphones, as a result of the transmission of the solicitation text messages alleged herein. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting solicitation text messages. Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendant's wrongful conduct. Plaintiff, like all members of the Classes, received unwanted solicitation text messages from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of herself and all absent members of the Classes.

40. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interests antagonistic to the interests of other

members of the proposed Classes and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

41. The suit may be maintained as a class action under the Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. As the messages continue to be sent in spite of Defendant's failure to get the consumers' prior express written consent to receive the text messages, injunctive relief is necessary and appropriate to require Defendant to discontinue sending unauthorized solicitation text messages. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Classes in transmitting the wireless solicitation text messages at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Classes.

42. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited solicitation

text message from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

43. Adequate notice can be given to the members of the Classes directly using information maintained in Defendant's records or through notice by publication.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Text Message No Consent Class)

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant and/or its agents transmitted unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Text Message No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention. The telephone dialing equipment utilized by Defendants and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

46. These solicitation text messages were made *en masse* without human intervention and without the prior express written consent of the Plaintiff and the other members of the Text Message No Consent Class to receive such solicitation text messages.

47. At no time did Defendant obtain prior express written consent from the Plaintiff orally or in writing to receive solicitation text messages. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation text messages was not a condition of the purchase of any property or service.

48. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

49. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

51. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of

said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[3]

54. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, solicitation text messages to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do

Not Call Registry, a listing of persons who do not wish to receive text messages that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

56. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

57. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

58. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

59. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

60. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Whitney Trzupek, individually and on behalf of the Classes, prays for the following relief:

61. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Trzupek as the representative of the Classes and appointing her attorneys as Class Counsel;

62. An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

63. An order declaring that Defendant's actions, as set out above, violates the TCPA.

64. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA.

65. An order requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

66. An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

67. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

68. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

69. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the text messages and calls as alleged herein.

Date:   November 28, 2017

Respectfully Submitted,

| HIRALDO P.A. | LAW OFFICES OF STEFAN COLEMAN P.A. |
|---|---|
| */s/ Manuel S. Hiraldo* <br> Manuel S. Hiraldo, Esq. <br> Florida Bar No. 030380 <br> 401 E. Las Olas Boulevard <br> Suite 1400 <br> Ft. Lauderdale, Florida 33301 <br> mhiraldo@hiraldolaw.com <br> Telephone: 954.400.4713 <br><br> *Counsel for Plaintiff and the Class* | */s/ Stefan Coleman* <br> Stefan Coleman, Esq. <br> Florida Bar No. 030188 <br> 201 S. Biscayne Blvd., 28th Floor <br> Miami, Florida 333131 <br> Telephone: (888) 333-9427 <br> Facsimile: (888) 498-8946 <br><br> *Counsel for Plaintiff and the Class* |